GILBERT v. JOHNSON. (No. 219/4.)

(Supreme Court, Appellate Division, Third Department. November 10, 1915.)

1. TIME ⬅10—COMPUTATION—TIME FOR SERVICE—EXCLUSION OF SUNDAY.
Where the defendant has 20 days in which to answer and serve notice of retainer, and the twentieth day falls on Sunday, under General Construction Law (Consol. Laws, c. 22) § 20, on computation of days, he has all of the following day on which to make service.

[Ed. Note.—For other cases, see Time, Cent. Dig. §§ 34–52; Dec. Dig. ⬅10.]

2. APPEAL AND ERROR ⬅232—MATTERS REVIEWABLE—QUESTIONS NOT RAISED BELOW.
Where plaintiff returned answer of defendant on the ground that it was not served in time, he cannot urge on appeal that it was properly returned because not verified.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1351, 1368, 1426, 1430, 1431; Dec. Dig. ⬅232.]

Appeal from Special Term, Cortland County.

Action by Ada L. Gilbert against Leonard Johnson. From an order refusing to compel acceptance of the answer except on terms, defendant appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William D. Tuttle, of Cortland, for appellant.
James F. Dougherty, of Cortland, for respondent.

HOWARD, J. On February 22d the plaintiff served the summons and complaint. On March 15th the defendant served his notice of retainer and an unverified answer. These were returned by the plaintiff's attorney, with notice indorsed on the answer that it was returned on the ground that more than 20 days had elapsed since the service thereof. The defendant made a motion to compel the plaintiff to accept the answer. The motion was not granted, but an order was made permitting the defendant to serve his answer on condition that he pay $10 costs. From this order the defendant appeals.

[1] The 20 days within which the defendant had a right to serve a notice of retainer and answer expired on the 14th day of March; but the 14th was Sunday and under section 20 of the General Construction Law the defendant had all of the following day on which to make the service. This right is given absolutely by statute, and therefore the plaintiff was in error in returning the answer, giving as a reason that it was not served within time.

[2] In both briefs argument is made concerning the fact that the answer was unverified; but this discussion is wholly irrelevant, for the reason that the plaintiff assigned no such reason for returning the answer. The plaintiff's relief against an unverified answer is found in section 528 of the Code.

The defendant having served his answer within the time prescribed by the statute, and the plaintiff having improperly refused to receive it, the defendant was entitled as a matter of right, not as a matter of favor or discretion, to an order compelling the plaintiff to accept the pleading. This being so, the defendant's motion should have been granted, and no costs should have been imposed against him; but, on the contrary, the plaintiff should have been compelled to pay costs.

Therefore the order is reversed, with $10 costs, and the motion granted, with $10 costs. All concur.